# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VALESHA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-680-D |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | |
| NO. 89 OF OKLAHOMA COUNTY, a/k/a | ) | |
| OKLAHOMA CITY PUBLIC SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Partial Motion to Dismiss [Doc. No. 8], which seeks dismissal of portions of Plaintiff's First Amended Petition [Doc. No. 1-2][1] pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff Valesha Johnson timely opposed the Motion [Doc. No. 10], and Defendant filed a reply [Doc. No. 12]. The matter is fully briefed and at issue.

## BACKGROUND[2]

Plaintiff is an African American woman who was employed by Defendant, Oklahoma City Public Schools, from 2000 until June 12, 2013. Sometime after

---

[1] Plaintiff's First Amended Petition was originally filed in state court and was removed to this Court on June 22, 2015 [Doc. No. 1]. For ease of reference, the pleading is referred to herein as the Petition.

[2] The following facts are taken from the Petition and viewed in the light most favorable to Plaintiff. *See In re Gold Res. Corp. Sec. Litig*., 776 F.3d 1103, 1108 (10th Cir. 2015). For convenience, the Court recites exact dates rather than "on or about" dates as set forth in the Petition.

February 4, 2013, while Plaintiff was on medical leave from her position as Principal at Bodine Elementary School, Superintendent Karl Springer assigned Director of Special Services Terri Bell to conduct an investigation at Bodine Elementary School into possible theft and mismanagement of funds. The investigation was based upon receipt of an anonymous letter alleging the same. On March 7, 2013, Plaintiff received a letter from Mr. Springer advising her that she had been suspended pending an investigation into her job performance. Approximately two months later, Plaintiff received a letter from Mr. Springer advising her that she was being recommended for termination based upon the results of Ms. Bell's investigation. Plaintiff timely requested a hearing before the Board of Education regarding Mr. Springer's recommendation for termination, which was held on June 11, 2013. Defendant (Plaintiff does not specify who) refused to allow Plaintiff to enter the school building to gather evidence pertaining to the investigation and Plaintiff so informed the Board of Education at the hearing. Approximately two months after the hearing, Plaintiff received a letter informing her that the Board of Education had voted to terminate her employment contract.

Plaintiff's Petition presents four counts. Count I alleges racial discrimination in violation of 42 U.S.C. § 1981. Defendant has not moved to dismiss this count. Count II alleges violation of due process rights under 42 U.S.C. § 1983 based upon a claim of unlawful interference with contract. Count III alleges negligent supervision of employees, negligent practices, negligent enforcement of policies, and negligent investigation. Count IV alleges negligent publication of private facts, negligent infliction of emotional distress, and intentional infliction of emotional distress. Defendant moves

to dismiss these claims on the grounds that Plaintiff has failed to state a plausible violation of her due process rights; Plaintiff has failed to plead sufficient facts to support the claims; the tort claims are barred by the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 OKLA. STAT. § 151 *et seq.*; and Oklahoma does not recognize the tort of negligent infliction of emotional distress. Defendant also contends it cannot be liable for punitive damages as requested in the Petition.

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008). When considering such motions, a court must distinguish between well pled facts and conclusory allegations. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). A court must also construe the allegations in the complaint in the light most favorable to the plaintiff. *Buckley Constr., Inc. v. Shawnee Civil and Cultural Dev. Auth.*, 933 F.2d 853, 855 (10th Cir. 1991).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robbins*, 519 F.3d at 1247. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The question to be decided is "whether the complaint

sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation marks omitted).

That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove her case at the pleading stage. *See Glover v. Mabrey*, 384 F. App'x 763, 772 (10th Cir. 2010). Rather, the complaint must allege facts that "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

In reviewing a motion to dismiss, the Court neither assesses the legal feasibility of the complaint, nor weighs the evidence that might be offered at trial. *See Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). Granting a motion to dismiss is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001)) (internal quotation marks omitted). "Thus, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (quoting *Twombly*, 550 U.S. at 556) (alteration in original) (internal quotation marks omitted).

Where dismissal is granted for failure to state a claim, a court should grant leave to amend freely "if it appears at all possible that the plaintiff can correct the defect."

*Triplett v. Leflore Cnty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983).  Leave to amend is not automatic and may be properly denied where an amendment would be futile.  *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).  A court properly may deny leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.  *E.spire Commc'ns., Inc. v. N.M. Pub. Regulation Comm'n*, 392 F.3d 1204, 1211 (10th Cir. 2004).

DISCUSSION

A.  Count II

In order to state a claim under § 1983, a plaintiff must allege "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom, or usage, of any State. . . ."  *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quoting *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002)).  Plaintiff alleges a violation of her due process rights; thus, the Constitutionally protected right at issue is Plaintiff's right to due process under the Fourteenth Amendment.  The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  Plaintiff is, in essence, arguing that Defendant's "unlawful interference

with a contractual relationship"[3] deprived her of one of those interests—here, presumably a property interest in her continued employment—without due process.

1. Whether Plaintiff presents a plausible claim of procedural due process violation under § 1983

As stated above, the Fourteenth Amendment protects citizens from the deprivation of property without due process of law:

> [P]rocedural due process ensures that a state will not deprive a person of life, liberty or property unless fair procedures are used in making that decision; substantive due process, on the other hand, guarantees that the state will not deprive a person of those rights for an arbitrary reason regardless of how fair the procedures are that are used in making the decision.

*Archuleta v. Colorado Dep't of Insts., Div. of Youth Servs.*, 936 F.2d 483, 490 (10th Cir. 1991). Thus, procedural due process protects against such deprivation unless the decision resulting in the deprivation was preceded by certain procedures ensuring fairness. Analysis of a procedural due process claim requires the Court to determine whether 1) the individual possessed a property or liberty interest protected by due process; and, if so, whether 2) the individual was afforded an appropriate level of process. *Kirkland v. St. Vrain Valley Sch. Dist. No. Re–1J*, 464 F.3d 1182, 1189 (10th Cir. 2006)

---

[3] The Court notes that this portion of Plaintiff's claim is puzzling as it alleges that Defendant tortiously interfered with the contract between Plaintiff and Defendant. The tort of intentional interference with contract protects existing or expected contractual relationships with third parties. *See* Restatement (Second) of Torts § 766B (1979) (the tort requires that defendant induced, prevented, or otherwise caused "a *third person* not to enter into or continue the prospective relation") (emphasis added). As a result, a person or entity cannot interfere with its own contractual relationship. *Dow Chem. Corp. v. Weevil-Cide Co., Inc.* 897 F.2d 481, 488-89 (10th Cir. 1990). Nevertheless, the Court will consider Plaintiff's § 1983 claim without regard to her characterization of Defendant's actions as tortious.

Defendant notes that Plaintiff has not clarified whether she is making a claim for substantive or procedural due process, but argues that, to the extent Plaintiff is making a procedural due process claim, the claim should be dismissed because Plaintiff was afforded due process. Specifically, Defendant agrees that Plaintiff had a property interest in her continued employment,[4] but contends she was afforded the appropriate level of process in connection with the hearing resulting in her termination.

As a general rule, the Due Process Clause of the Fourteenth Amendment requires "some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (internal quotation marks omitted). The purpose of the pretermination hearing is to serve as "a determination of whether there are reasonable

---

[4] "Protected property interests arise, not from the Constitution, but from state statutes, regulations, city ordinances, and express or implied contracts." *Dill v. City of Edmond*, 155 F.3d 1193, 1206 (10th Cir. 1998). Plaintiff does not plead a specific basis for a property interest, but Defendant sets forth 70 OKLA. STAT. § 6-101.13 as the state law giving rise to such interest. Plaintiff alleges that "Defendant failed to notify the Plaintiff of the existence of the anonymous letter or provide her an opportunity to respond to the allegations contained therein, in violation of the Collective Bargaining Agreement that delineates the terms and conditions of Plaintiff's employment." Pet. at ¶ 13. A collective bargaining agreement can also establish a protected property interest in Plaintiff's continued employment. *See Hennigh v. City of Shawnee,* 155 F.3d 1249, 1255 (10th Cir. 1998). Plaintiff has not pled additional facts regarding any terms of the agreement, though any "violation" of the agreement would not give rise to a procedural due process claim. *See Hennigh*, 155 F.3d at 1256 ("[T]he Constitution does not require that each individual receive the procedural guarantees provided for by the instrument which bestows a property interest."); *Hammons v. City of Okla. City*, No. CIV-09-381-D, 2011 WL 1527801, at *4 (W.D. Okla. Apr. 20, 2011) ("Any noncompliance with the [collective bargaining agreement] or personnel procedures does not have constitutional significance.")

grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-46. Thus, "the pretermination 'hearing,' though necessary, need not be elaborate." *Id.* at 545.

In particular, a pretermination hearing requires: (1) "oral or written notice [to the employee] of the charges against him"; (2) "an explanation of the employer's evidence, and [3] an opportunity [for the employee] to present his side of the story." *Id.* at 546; *see also Langley v. Adams Cnty.*, 987 F.2d 1473, 1480 (10th Cir. 1993) ("Due process requires that plaintiff have had an opportunity to be heard at a meaningful time and in a meaningful manner before termination. . . . 'This requirement includes three elements: 1) an impartial tribunal; 2) notice of charges given a reasonable time before the hearing; and 3) a pretermination hearing, except in emergency situations.'") (quoting *Loudermill*, 470 U.S. at 545). Due process is a flexible concept that "calls for such procedural protections as the particular situation demands," and a hearing "need not necessarily provide all, or even most, of the protections afforded by a trial." *Guttman v. Khalsa*, 669 F.3d 1101, 1114 (10th Cir. 2012).

Here, Plaintiff acknowledges that she requested and received a pretermination hearing before the Board of Education regarding the recommendation for her termination. However, Plaintiff alleges that such hearing denied her of "sufficient notice" and the "opportunity to present evidence in her favor/defense." Pl.'s Resp. at 5. Regarding the issue of evidence, Plaintiff further alleges that Defendant refused to allow her "to enter the school building to gather evidence pertaining to this investigation to be used in her

defense," which she reported to the Board of Education at her pretermination hearing. Pet. at ¶¶ 15, 19.

Defendant argues that, at the hearing, "Plaintiff was represented by counsel, cross examined witnesses, and presented evidence." Def.'s Mot. at 4 n.1. Defendant has provided the Court the link to the publicly available minutes of Plaintiff's hearing, posted on Defendant's website, and requested the Court to take judicial notice of the above-stated facts. A court may take judicial notice of public records and such materials may be properly considered in ruling on a motion to dismiss. *C.M. v. Urbina*, No. 15-1067, 2016 WL 700291, at *3 (10th Cir. Feb. 19, 2016) ("We may also consider facts subject to judicial notice, such as documents that are matters of public record, without converting the motion to dismiss into a motion for summary judgment."); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). Under the Federal Rules of Evidence, judicial notice is mandatory when a party requests that the court take judicial notice of certain facts and supplies the necessary information to the court. *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007); Fed. R. Evid. 201(c)(2). Accordingly, having reviewed the minutes of the hearing, the Court takes judicial notice of the following facts:

- Plaintiff was represented by counsel;

- Plaintiff was informed of the reasons for her proposed termination through "stipulations of facts";

- Plaintiff appeared as a witness on her own behalf;

- Plaintiff's counsel gave a closing statement on behalf of Plaintiff.[5]

With respect to Plaintiff's assertion that her procedural due process rights were violated because she was not provided sufficient notice, the Court finds that Plaintiff has not pled facts to adequately support her claim that the notice received was not "sufficient," and the Court finds that she has failed to state a plausible claim. The Petition reflects, in general terms, that Plaintiff received notice of the proposed action and was afforded a pretermination hearing at which she participated. Other than bare, conclusory allegations, the Petition does not allege facts to plausibly suggest that the process she was afforded was inadequate. Moreover, the facts judicially noticed by the Court suggest the opposite conclusion. *See, e.g., Riggins v. Goodman*, 572 F.3d 1101, 1108 (10th Cir. 2009) (noting cases in which the Tenth Circuit has "upheld as sufficient to meet these requirements informal proceedings, such as pretermination warnings and an opportunity for a face-to-face meeting with supervisors," and "even a limited conversation between an employee and his supervisor immediately prior to the employee's termination").

With respect to Plaintiff's allegation that her procedural due process rights were violated because she was not able to present the evidence she was prevented from gathering from the school building, the Court finds that this, without more, is also insufficient to set forth a plausible claim. "A full evidentiary hearing is not required prior

---

[5] *See* Amended Minutes – Special Meeting of the Board of Education (Tuesday, June 11, 2013), http://boarddocs.com/ok/okcps/board.nsf/Public, last accessed Mar. 23, 2016.

to an adverse employment action." *Riggins*, 572 F.3d at 1108 (internal quotation marks omitted). "Instead, the individual entitled to due process protection needs only to be given notice and an opportunity to respond." *Id.* (internal quotation marks omitted). Even if Plaintiff was prevented from entering the school building to gather evidence and, consequently, unable to present that particular evidence at the hearing, she was still given the opportunity "to respond" and "to present [her] side of the story," which is all that was required. *See Loudermill*, 470 U.S. at 546; *Riggins*, 572 F.3d at 1108.

Thus, as in Tenth Circuit decisions rejecting similar procedural due process claims, Plaintiff "was not fired out of the blue," "was not fired for reasons that [she] did not know," and "was not fired without being given the opportunity to present [her] side of the story." *See West v. Grand Cnty.*, 967 F.2d 362, 368 (10th Cir. 1992) (citing *Seibert v. Univ. of Okla. Health Sci. Ctr.*, 867 F.2d 591, 599 (10th Cir. 1989)); *see also Loudermill*, 470 U.S. at 543 & n.8 (explaining that central concern is employee's ability to "present his side of the case" so that employer is "alerted to the existence of disputes about facts and arguments about cause and effect"). "As long as the procedural requirements are reasonable and give the aggrieved party adequate notice and an opportunity to meaningfully participate, they are not unconstitutional." *Rivera v. Bernalillo Cnty.*, 51 F. App'x 828, 832 (10th Cir. 2002). Here, the allegations of the Petition do not "give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk*, 493 F.3d at 1177. Accordingly, Plaintiff's pleading fails to set forth a cognizable procedural due process claim and Defendant's motion is granted as to that portion of Count II.

2. Whether Plaintiff presents a plausible claim of substantive due process violation under § 1983

To the extent Plaintiff is making a substantive due process claim, Defendant argues that the claim should be dismissed because Plaintiff fails to state a cognizable claim. "Substantive due process protects fundamental liberty interests and protects against the exercise of government authority that 'shocks the conscience.'" *Koessel v. Sublette Cnty. Sheriff's Dept.*, 717 F.3d 736, 749 (10th Cir. 2013) (quoting *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008)). Thus, to support a substantive due process claim, Plaintiff must plead and prove either facts to show the infringement of a "fundamental liberty interest" or facts supporting a conclusion that the termination of her employment was an exercise of governmental power that "shocks the conscience." *See Seegmiller*, 528 F.3d at 767. Though at this pleading stage it is not necessary for Plaintiff to *prove* such facts, it is necessary for her to *plead* them. *See Glover*, 384 F. App'x at 772. Plaintiff has not done so here.

Assuming for the purposes of the analysis that Plaintiff has a property interest in her continued employment, it is unclear whether such interest is *fundamental* and, thus, protected by substantive due process. *Hennigh v. City of Shawnee,* 155 F.3d 1249, 1257 (10th Cir. 1998); *see also Potts v. Davis Cnty.,* 551 F.3d 1188, 1193 n.1 (10th Cir. 2009) ("We have not decided whether an employee with a property right in state-created employment is protected by the substantive due process clause."); *Houston v. Indep. Sch. Dist. No. 89 of Okla. Cnty.*, No. CIV-08-374-D, 2010 WL 988414, at *18 (W.D. Okla.

Mar. 12, 2010). Even if it is, however, Plaintiff has not asserted a fundamental liberty interest argument.

Accordingly, Plaintiff's substantive due process claim requires her to plead that Defendant engaged in "egregious" conduct constituting an "abuse of power" that "shocks the conscience." *See Williams v. Berney,* 519 F.3d 1216, 1220 (10th Cir. 2008) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846 (1998)). To do so, Plaintiff must plead that a government actor abused his or her authority or "employed it as an instrument of oppression in a manner that shocks the conscience." *Koessel*, 717 F.3d at 750 (quoting *Williams*, 519 F.3d at 1220) (internal quotation marks omitted). "Substantive due process protections extend only to 'deliberately wrongful government decisions rather than merely negligent government conduct,'" and substantive due process prohibits "only the most egregious official conduct." *Ward v. Anderson,* 494 F.3d 929, 938 (10th Cir. 2007) (quoting *Uhlrig v. Harder,* 64 F.3d 567, 573 (10th Cir. 1995)); *Seegmiller*, 528 F.3d at 767. Even most intentionally inflicted injuries caused by misuse of government authority will not meet this standard. *See Ward*, 494 F.3d at 937-38; *see also Muskrat v. Deer Creek Pub. Sch.*, 715 F.3d 775, 787-88 (10th Cir. 2013) (teacher conduct did not meet standard of "brutal and inhumane abuse of official power" to make out substantive due process claim). "The 'ultimate standard' for assessing an alleged violation of substantive due process is 'whether the challenged government action shocks the conscience of federal judges.'" *Ward*, 494 F.3d at 937 (quoting *Moore v. Guthrie,* 438 F.3d 1036, 1040 (10th Cir. 2006)). "This standard is not an easy one for a plaintiff to satisfy." *Ward*, 494 F.3d at 937. As the Tenth Circuit explained:

It is well settled that negligence is not sufficient to shock the conscience. In addition, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. The plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking. This is a high level of outrageousness.

*Id.* at 937-38; *see also Williams*, 519 F.3d at 1220 ("[T]he Supreme Court instructs that the constitutional concept of conscience shocking duplicates no traditional category of common-law fault.") (internal citation and quotation marks omitted).

Plaintiff has failed to plead facts that rise to this level. Even accepting Plaintiff's allegations that "Defendant failed to notify Plaintiff of the existence of the anonymous letter alleging possible theft and mismanagement of funds" but instead "simply claimed it was concerned about Plaintiff's 'performance,'" Pl.'s Resp. at 4, such actions do not remotely constitute an outrageous or shocking abuse of power. Plaintiff's pleading fails to set forth a cognizable substantive due process claim. Accordingly, Defendant's motion is granted as to that portion of Count II.

Upon examination of the Petition, and presuming all of Plaintiff's well-pled allegations are true and construing them in the light most favorable to her, the Court finds no allegations that would support a finding that Plaintiff's due process rights were violated. Therefore, Count II is dismissed with respect to Plaintiff's due process claims. [6]

---

[6] Within Count II, Plaintiff also asserts that "Defendant, who has final policy-making authority, was acting under the color of its authority in a manner which deprived Plaintiff of her constitutional right to equal protection." Pet. at ¶ 32. Defendant has not moved to dismiss regarding this allegation.

B. Count III

    1. <u>Whether Defendant is immune under the GTCA from claims of negligent supervision of its employees</u>

The GTCA provides the exclusive remedy for a tort action against the state or a political subdivision thereof. 51 OKLA. STAT. § 153(B); *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, 452-53. In passing the Act, Oklahoma formally adopted the doctrine of sovereign immunity. *Crouch v. Daley*, 581 F. App'x 701, 705 (10th Cir. 2014). Under the provisions of the GTCA, the state statutorily waives sovereign immunity from suit for itself and its political subdivisions in specific and limited circumstances. 51 OKLA. STAT. § 153. School districts are included within the definition of "political subdivision." 51 OKLA. STAT. § 152(10)(b). Defendant seeks dismissal of Plaintiff's negligent supervision claim based on the GTCA's exemption from liability for performing or failing to perform "any act or service which is in the discretion of the [Defendant] or its employees." 51 OKLA. STAT. § 155(5).

    Count III of Plaintiff's Petition alleges that Defendant was negligent in supervising its employees. Defendant argues that its decisions "regarding the hiring, retention, training, and supervision of its employees" are protected under the discretionary function exemption in § 155(5). Def.'s Mot. at 8. In support of its argument, Defendant cites decisions from this Court, and others, that have held personnel decisions (i.e., hiring and supervision) involve policymaking and planning concerns, and thus, warrant protection as discretionary matters. In *Houston v. Indep. Sch. Dist. No. 89 of Okla. Cnty.*, 949 F. Supp. 2d 1104 (W.D. Okla. 2013), the Court noted Oklahoma had

adopted the "planning-operational approach" to the discretionary function exemption. *Id.* at 1109 (citing *Nguyen v. State*, 1990 OK 21, 5, 788 P.2d 962, 963). "Under this approach initial policy level or planning decisions are considered discretionary and hence immune, whereas operational level decisions made in the performance of policy are considered ministerial and not exempt from liability." *Houston*, 949 F. Supp. 2d at 1109. In other words, if the activity is "discretionary" it will be considered "governmental" and therefore protected by sovereign immunity. Conversely, an activity that is "ministerial" or "operational" will not be protected.

Distinguishing between discretionary and ministerial activities can be difficult. The Supreme Court has stated that a discretionary function "is one that involves choice or judgment." *United States v. Gaubert*, 499 U.S. 315, 325 (1991). To this end, courts in this district (including this Court) have applied the discretionary function exemption to similar allegations of negligent hiring, supervision, and retention. *See Burris v. Okla., ex rel., Okla. Dep't of Corr.*, No. CIV-13-867-D, 2014 WL 442154, at *10 (W.D. Okla. Feb. 4, 2014) ("Defendant DOC is immune from the allegations . . . involving the alleged negligent hiring, training, supervision and retention of Defendant . . .[;] [u]nder Oklahoma law, these acts were 'discretionary' and exempt DOC from liability under the GTCA."); *Houston*, 949 F. Supp. 2d at 1109 ("Plaintiff's claim against the District for negligence in supervising and retaining [District employee] is barred by the discretionary function exemption of § 155(5)."); *Benedix v. Indep. Sch. Dist. No. I-007 of Okla. Cnty.*, No. CIV-08-1060-D, 2009 WL 975145, at *4 (W.D. Okla. Apr. 9, 2009) ("Plaintiff's claim against the school district for negligence in his hiring, supervision and retention is

barred by the discretionary function exemption of § 155(5).”); *Young v. Okla. City Pub. Sch., Indep. Sch. Dist. 89*, No. CIV-13-633-M, 2013 WL 6567144, at *3 (W.D. Okla. Dec. 13, 2013) (“[T]he school district’s decision regarding hiring, retention, and supervision of its employees is deemed to be a discretionary act and, thus, falls under the GTCA’s discretionary exemption.”); *Seals v. Jones*, No. 12-CV-569-JED-TLW, 2013 WL 5408004, at *4 (N.D. Okla. Sept. 25, 2013) (“Any alleged negligent hiring and retention of employees by Cleveland County would fall within the discretionary functions provision of the GTCA, for which Cleveland County is immune from suit as a matter of law.”); *White v. City of Tulsa*, No. 13-CV-128-TCK-PJC, 2013 WL 4784243, at *5 (N.D. Okla. Sept. 5, 2013) (finding city immune for officer’s alleged negligent training and supervision because such acts were discretionary); *Allen v. Justice Alma Wilson Seeworth Acad., Inc.*, No. CIV-12-93-HE, 2012 WL 1298588, at *2 (W.D. Okla. Apr. 16, 2012) (finding that school board’s training, supervision, and retention of its employees was “discretionary” under GTCA and citing cases in support); *Fumi v. Bd. of Cnty. Comm’rs of Rogers Cnty.*, No. 10-CV-769-TCK-PJC, 2011 WL 4608296, at **6-7 (N.D. Okla. Oct. 3, 2011) (agreeing that entity was immune for officers’ alleged negligent hiring, training, supervision and retention under § 155(5)); *Burns v. Holcombe*, No. 09-CV-152-JHP, 2010 WL 2756954, at *15 (E.D. Okla. July 12, 2010) (“The language of the GTCA as well as recent case law construing these provisions makes clear the state and/or a political subdivision is not subject to suit for discretionary acts such as hiring, supervising, and training employees, as well as enforcement or adoption of rules or policies.”); *cf. also Jackson v. Okla. City Pub. Sch.*, 2014 OK CIV APP 61, ¶ 9, 333 P.3d

975, 979 ("It is also settled that a school's hiring, training, and supervising decisions are discretionary and therefore [under § 155(5)] a school may not be liable for damages resulting from those decisions.").

The Court sees no meaningful distinction between the aforementioned cases and the present case. Plaintiff's suit against Defendant for its alleged negligence in failing to supervise its employees involves the kinds of decisions that implicate policy concerns and therefore fall within the discretionary function exemption of § 155(5). Plaintiff acknowledges that Defendant can be exempted from liability under the GTCA by a "specific limitation within the Act," Pl.'s Resp. at 6, but Plaintiff has not presented any factual allegations that would remove Defendant's supervisory employment decisions from the discretionary exemption discussed above or otherwise persuasively argued that §155(5) is inapplicable. Accordingly, Count III with respect to Defendant's negligence in supervision is dismissed.

2. Whether Defendant is immune under the GTCA from claims of failure to enforce its policies

Count III of Plaintiff's Petition further alleges that Defendant was negligent in its "practices," "enforcement of policies," and "investigation of the facts and circumstances which gave rise to the alleged grounds for [Plaintiff's] termination." Pet. at ¶ 36. Defendant seeks dismissal of these claims based on the GTCA's exemption from liability for "[a]doption or enforcement of or failure to adopt or enforce a . . . written policy." 51 OKLA. STAT. § 155(4). Plaintiff does not argue that § 155(4) does not encompass "practices," "enforcement," or "investigation"; rather Plaintiff only argues that Defendant

did not provide legal authority to support its position. Defendant did, however, cite to the language of the statute and Defendant is correct that the GTCA, on its face, precludes Plaintiff's claim with respect to "enforcement of policies." *See* 51 OKLA. STAT. § 155(4); *see also Houston*, 949 F. Supp. 2d at 1110-11 ("[A] negligence claim based on the District's alleged failure to enforce its written policies would be barred by the exemption for enforcement of laws, as provided by Section 155(4)."); *Medina v. State*, 1993 OK 121, 871 P.2d 1379, 1383 (finding that "subsection 4 of § 155 expressly exempts failures to enforce institutional policies").

It is less clear whether § 155(4) applies to "practices" and "investigation," and Defendant has not provided any authority that it does. To the extent Plaintiff's argument that Defendant was negligent in its practices entails application and enforcement of Defendant's policies, however, the Court finds that such claim falls within the exemption of § 155(4) and, therefore, is barred. *See Hodge v. Keene*, No. CIV-10-1283-D, 2013 WL 372460, at *11 (W.D. Okla. Jan. 30, 2013) (finding plaintiff's negligence claim regarding alleged deficiencies in police training practices and departmental policies barred by § 155(4)).

Additionally, regardless of whether "investigation" falls within the enforcement exemption of § 155(4), the Court finds that Defendant's method of investigation into the allegations against Plaintiff was discretionary and, therefore is barred by the discretionary function exemption of the GTCA, 51 OKLA. STAT. § 155(5). *See White*, 2013 WL 4784243, at *5 (finding city was immune for officer's alleged negligent investigations of citizen complaints because such acts were discretionary); *cf. Westphalen v. United States*,

No. CIV-07-47-M, 2007 WL 3408271, at *2 (finding plaintiff's claim that EEOC's investigation and subsequent determinations were barred by the discretionary function exception of the Federal Tort Claims Act because "[w]hat witnesses to interview, what questions to ask, the evaluation of a witness's credibility, the determination of discrimination, whether to institute litigation, etc. are all actions involving an element of judgment or choice").

Upon examination of the Petition, and presuming all of Plaintiff's well-pled allegations are true and construing them in the light most favorable to her, the Court finds that Plaintiff's common law tort claims are barred by the GTCA. Therefore, Count III is dismissed in its entirety.

C. Count IV

1. Whether Plaintiff presents a plausible claim for publication of information that was neither lawful nor privileged; whether Plaintiff presents a plausible claim for negligent infliction of emotional distress; and whether Defendant can be liable for the intentional torts of its employees

Plaintiff withdraws Count IV of her Petition. Pl.'s Resp. at 1. Thus, Defendant's motion for dismissal is moot.

2. Whether Defendant can be liable for punitive damages

Plaintiff acknowledges that Defendant is immune from punitive damages and withdraws her request for such damages. Pl.'s Resp. at 7. Thus, this aspect of Defendant's motion is moot.

Count IV is deemed withdrawn in its entirety.

D. Leave to Amend

As set forth herein, the Court finds that Plaintiff's allegations under § 1983 do not state a claim that is plausible on its face. The Court is not convinced, however, that Plaintiff is or will be unable to state a plausible claim for relief under § 1983. Accordingly, dismissal of Plaintiff's § 1983 claim shall be without prejudice to Plaintiff's right to file an amended complaint with regard to Count II.

The Court further finds that Plaintiff's common law tort claims are barred by the GTCA. The Court further finds that amendment would be futile for the claims of negligent supervision of employees, enforcement of policies, and investigation. Thus, these claims within Count III are dismissed with prejudice. Although doubtful, the Court is not convinced that Plaintiff is or will be unable to state a plausible claim for relief on the claim of negligent practices. Accordingly, dismissal of this claim shall be without prejudice to Plaintiff's right to file an amended complaint with regard to that portion of Count III.

CONCLUSION

Defendant's Partial Motion to Dismiss [Doc. No. 8] is **GRANTED** as set forth herein. Plaintiff may file an amended complaint in accordance with the directions herein within twenty-one (21) days of this Order.

**IT IS SO ORDERED** this  31st  day of March, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE